**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-16935 |
| Plaintiff - Appellant, | D.C. No. CV 05-00946-CRB |
| v. | |
| 1. $1,379,879.09 SEIZED FROM BANK OF AMERICA, Account #W71- 223433 in the name of European Federal Credit Bank; | MEMORANDUM [*] |
| 2. $327 544.09 SEIZED FROM BANK OF AMERICA, Account #W71-224464 in the name of European Federal Credit Bank; and | |
| 3. 923,000 IN UKRANIAN BONDS PLUS INTEREST, | |
| Defendants. | |
| _____ | |
| LIQUIDATORS OF EUROPEAN FEDERAL CREDIT BANK ("EUROFED BANK LTD."), appointed by the High Court of Antigua, | |
| Claimant - Appellee. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted March 9, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

The United States government appeals the district court's award of attorney fees to Liquidators, who are persons appointed by the High Court of Antigua as liquidators of a bank named European Federal Credit Bank (Eurofed Bank Limited (In Liquidation)). "We review the factual determinations underlying an award of attorney[] fees for clear error and the legal premises a district court uses to determine an award de novo." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1147-48 (9th Cir. 2001) (per curiam) (citation omitted). For the following reasons, we vacate the award and remand with instructions.

1. The district court did not err in holding that Liquidators' success in the civil forfeiture action was not a hollow or de minimis victory. The action was dismissed with prejudice, after the government conceded that the action was untimely from its inception and should never have been filed at all. The fact that the government could achieve the same result through the separate means of criminal forfeiture did not lessen Liquidators' burden in successfully defending

against this civil forfeiture procedure. See 28 U.S.C. § 2465(b)(1) ("Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant[.]" (emphasis added)).

2. The district court abused its discretion when it reviewed the billing records in camera and denied the government the opportunity to raise specific objections to the billing records.[1] Liquidators assert that some portions of the billing records are privileged, but there is no reason why Liquidators cannot submit redacted versions of the billing records for review by the government. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) ("No reason appears why the timesheets should not have been made available to MGIC and MGIC given the opportunity to challenge them. We remand for the sole purpose of a hearing in which MGIC may challenge the reasonableness of the fees awarded. The court may withhold from MGIC any information it finds protected by the lawyer-client privilege."). Our own in camera review suggests that the bulk of these records are garden-variety, unprivileged billing records.

---

[1] We reject, as unsupported by the record, Liquidators' assertion that the government waived this argument.

3

3. Because we vacate the award for further proceedings, we do not reach the government's argument that the district court's explanation was insufficient.

In conclusion, we vacate the fee award and remand for further proceedings. On remand, the government must have access to the billing records underlying the fee request, including the specific descriptions of services rendered; the records should be redacted only to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-product doctrine. The government then must have an opportunity to object to the fee request. The district court must justify its fee award, if any, with a sufficient explanation. See generally Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (holding that a district court must "provide a concise but clear explanation of its reasons for the fee award").

**VACATED and REMANDED with instructions.** The parties shall bear their own costs on appeal.